IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## RONALD L. DAVIS v. STATE OF TENNESSEE

**Circuit Court for Maury County**
**No. 9444**

---

**No. M2008-01808-CCA-R3-CO - Filed March 10, 2009**

---

The Appellant appeals the trial court's dismissal of his petition for a writ of error coram nobis. Having determined that the trial court properly denied the petition, this Court hereby affirms the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, J.J., joined.

Ronald L. Davis, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Deshea Dulany, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

A jury convicted the Appellant of aiding and abetting murder in the second degree and he received a ninety-nine year sentence. This Court affirmed the conviction and sentence on appeal. State v. Ronald Davis, 1984 Tenn. Crim. App. LEXIS 2951 (Tenn. Crim. App., Sep. 11, 1984). On October 17, 2007, the Appellant filed a petition for a writ of error coram nobis. The Appellant claimed that the State withheld favorable evidence by failing to disclose an internal investigation of the arresting officer who testified in his case, that new evidence in the form of a recent evaluation of the autopsy report of the victim indicates the victim may have been shot in self-defense, and that the grand jury and trial jury in his case were under-represented by African Americans.

In response to the Appellant's brief on appeal, the State has filed a motion to affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20. The Court finds this motion to be well-taken and hereby grants the same.

A petition seeking a writ of error coram nobis "shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case." Tenn. Code Ann. § 40-26-105(b). Furthermore, the petition "will [only] lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment." Id. A trial court is not required to hold a hearing on the petition. See Richard Hale Austin v. State, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332 (Tenn. Crim. App., Dec. 13, 2006). More importantly, a petition for a writ of error coram nobis must be filed within one year after the judgment becomes final in the trial court. State v. Mixon, 983 S.W.2d 661, 669-70 (Tenn. 1999). The petition in this case was filed more than twenty years after the judgment became final in the trial court, and the Appellant fails to demonstrate why this statute of limitations should be tolled. This Court concludes, therefore, that the trial court properly dismissed the petition without a hearing.

The Appellant also appeals the trial court's order denying his motion for recusal. The Appellant's claim has no merit. See State v. Chouinard, No. 03C01-9310-CR-00340, 1994 WL 318984 at *2 (Tenn. Crim. App., June 30, 1994) ("The filing of a lawsuit against the trial judge is normally insufficient to warrant his recusal.").

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

2